916 F.2d 712
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vera L. BIRCH, Plaintiff-Appellant,
v.
BOARD OF EDUCATION OF CITY OF FLINT, Joseph Pollard,
Defendants-Appellees.
 No. 89-2299.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1990.
 
 Before NATHANIEL R. JONES and WELLFORD, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Vera Lenore Birch, appeals the district court's grant of summary judgment in favor of defendants in this employment discrimination case brought under Title VII and Michigan's Elliot-Larson Civil Rights Act. Plaintiff argues that defendants refused to offer her a full-time teaching position with the Flint School District because she is black and refused promotions in retaliation for her filing of civil rights complaints based upon her race. The issues presented by this appeal are: (1) whether the trial court properly determined that plaintiff failed to establish a prima facie case of race discrimination; and (2) whether the trial court properly held that plaintiff failed to establish a prima facie case of refusal to hire in retaliation for previous discrimination actions against the school district; and (3) whether summary judgment for defendants was warranted. Upon review of the record, we are persuaded that the district court's judgment in favor of defendants should be AFFIRMED.
 
 
 2
 In late 1984, plaintiff filed an amended complaint containing ten claims for relief, asserting race discrimination under 42 U.S.C. Sec. 2000e-16 (Title VII), 42 U.S.C. Sec. 1981, 42 U.S.C. Sec. 1983, and Mich.Stat.Ann. Sec. 3.548(101), et seq. (Michigan's Elliot-Larson Civil Rights Act); retaliatory refusal to hire; due process violations; and state tort claims. All of plaintiff's claims except those concerning race discrimination and retaliatory refusal to hire were dismissed by the trial court after reference to and upon the report and recommendation of the magistrate issued January 14, 1986.
 
 
 3
 Plaintiff had herself filed a motion for partial summary judgment arguing that she had established her claims of race discrimination and retaliatory refusal to hire. Defendants also filed a motion for summary judgment contending that plaintiff was refused employment due to poor work performance and not due to racial considerations. In support of their motion for summary judgment, defendants submitted affidavits and business records documenting the reasons for their failure to offer plaintiff, a part-time teacher, a full-time teaching position.
 
 
 4
 District Judge Avern Cohn issued a full memorandum and order denying plaintiff's motion for partial summary judgment and granting defendants' motion for summary judgment. We affirm, basically upon the district court's rationale.
 
 
 5
 Plaintiff was employed as a full-time teacher by the Flint School District from September 2, 1962 to February 1, 1963, when she resigned. At the time of her resignation, plaintiff was rated inadequate.
 
 
 6
 In September 1963, plaintiff began teaching in the Beecher School District in Genesee County, Michigan, from which position she resigned. Prior to her resignation she had been reprimanded by the Superintendent of the Beecher School District because of complaints received principally from parents.
 
 
 7
 Some time prior to June of 1968, Marvin S. Richardson, a principal in the Beecher School District, had a telephone conversation with Helen McMurray of the Flint School District regarding plaintiff's application for employment. Richardson informed McMurray that plaintiff was unable to take evaluative criticism and also that she had filed complaints with the Civil Rights Commission and other administrative bodies. This latter notation in her Flint personnel file is a primary basis for her claims. McMurray recommended that plaintiff not be hired. Id.[1]
 
 
 8
 A document prepared by Ladell Watson of the defendant school district in 1974 indicates that plaintiff's performance as well as the School District's recent economic layoff of 92 teachers were the reasons why plaintiff was not offered a position with the School District.
 
 
 9
 Since 1974 plaintiff has been a substitute teacher in the Flint School District. In 1978, the School District assigned plaintiff on a temporary basis to a position as a substitute mathematics teacher in a junior high school. When the position was declared vacant, a much younger white male teacher who majored in mathematics and physics was hired to fill the position. The district court found this male teacher to be significantly better qualified than plaintiff to teach mathematics and also had a broader assignment potential than plaintiff because of his academic training. (He was qualified to teach seventh, eighth, and ninth grades, whereas plaintiff was limited to teaching seventh and eighth grades.)
 
 
 10
 As a result of her failure to receive the full-time math position, plaintiff filed a charge of discrimination, which forms the basis for the Title VII complaint pending before this court.
 
 
 11
 Between 1978 and 1982, plaintiff filed a number of individual complaints of discrimination against the School District. Each complaint was dismissed on the merits. Plaintiff also filed a race discrimination action in federal district court but that action was also dismissed.
 
 
 12
 Toward the end of 1978, a directive was issued by the central office of the Flint School District that plaintiff was to be considered for each teacher opening for which she was qualified. Between the end of 1978 and the fall of 1981, plaintiff's name and credentials were sent by the central office to the each principal who made a request to fill a vacancy where plaintiff was eligible to fill the vacancy. No principal, black or white, requested that plaintiff be hired. After 1981, plaintiff's name was no longer routinely sent out by the central office.
 
 
 13
 In its findings of fact, the district court concluded that during the relevant time period, twenty white teachers and twenty-seven minority teachers were placed in positions for which plaintiff was qualified. Except for the mathematics position filled by a white male teacher with superior qualifications, plaintiff has not identified any particular opening for which she was better qualified than the person hired.
 
 
 14
 We must apply the same test in passing upon an award of summary judgment as that utilized by the trial court to grant the motion. Burkart v. Post-Browning, Inc., 859 F.2d 1245, 1249 (6th Cir.1988); Berlin v. Michigan Bell Tel. Co., 858 F.2d 1154, 1161 (6th Cir.1988).
 
 
 15
 A summary judgment motion may be granted if there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). A party can meet their burden by " 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party meets its burden, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-87 (1986). Taking the record as a whole and viewing the facts in a light most favorable to the nonmoving party, a grant of summary judgment is appropriate where a rational trier of fact could come to but one conclusion which is adverse to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."); Matsushita, 475 U.S. at 587.
 
 
 16
 We are satisfied that the district court's thorough analysis of the issues in the case is borne out by the record and that summary judgment was warranted. We accordingly AFFIRM.
 
 
 
 [1]
 In her affidavit filed in the present case, McMurray indicates that:
 the fact that Mrs. Birch may or may not have filed complaints with her union or the Civil Rights Commission had no bearing whatsoever on the decision not to hire Mrs. Birch. The decision not to hire her was made purely upon the School District's knowledge of her abilities as a teacher.